UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| TONYA SUE FRANCIS, | ) |
| Plaintiff, | ) No. 7:22-CV-104-HAI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| KILOLO KIJAKAZI, | ) & ORDER |
| *Acting Commissioner of Social Security*, | ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In April 2020, Plaintiff Tonya Sue Francis filed a protective Title XVI application for supplemental security income. *See* D.E. 10-1 at 24.[1] She alleged disability beginning July 17, 2019. *Id*. The Social Security Administration denied Francis's claims initially and upon reconsideration. *Id*. Then, on July 14, 2021, Administrative Law Judge ("ALJ") Maria Hodges conducted a telephonic administrative hearing. The ALJ heard testimony from Francis (represented by attorney Bradford D. Myler) and impartial vocational expert ("VE") Anthony Michael. *Id*. Francis was found to not be disabled during the relevant period, April 20, 2020, to August 5, 2021, the date of the decision. *Id*. at 37. Francis obtained a previous unfavorable ALJ decision on July 16, 2019 (D.E. 10-1 at 59-73), which was upheld on administrative appeal on March 23, 2020 (*id*. at 79).

On August 25, 2022, Francis (with different counsel) brought this action under 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the ALJ's 2021 decision denying her application for supplemental security income. The parties filed briefs, including a reply. D.E.

---

[1] References to the administrative record are to the large black page numbers at the bottom of each page.

14, 16, 17.  In August 2023, the parties consented to the referral of this matter to a magistrate judge.  D.E. 18, 19.  The case was initially assigned to Magistrate Judge Atkins.  On August 15, 2023, he recused, and the matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  D.E. 21.  The Court, having reviewed the record and for the reasons stated herein, **DENIES** Plaintiff's request to remand these proceedings.

## I.  The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim.[2]  The ALJ followed these procedures in this case.  *See* D.E. 10-1 at 24-33.

At the first step, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(b).  In this case, the ALJ found that Francis "has not engaged in substantial gainful activity since April 20, 2020, the application date."  D.E. 10-1 at 26.

At the second step, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  The ALJ found that Francis has the following severe impairments:  "arthritis, neuropathy, fibromyalgia, diabetes mellitus, generalized anxiety disorder, and major depressive disorder (20

---

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry . . . the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

CFR 416.920(c)).") D.E. 10-1 at 26.  Francis does not argue the ALJ should have identified additional severe impairments.

At the third step, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, then he is disabled.  20 C.F.R. § 404.1520(d).  The ALJ found Francis failed to meet this standard.  D.E. 10-1 at 27-28.  The ALJ considered several listings but found none of them satisfied in Francis's case.  *Id*.  The ALJ considered Section 14.09D (immune system disorders) for Francis's fibromyalgia, Section 11.14 for neurological disfunction, and Sections 12.04 and 12.06 for mental impairment.  *Id*.  Francis does not appear to challenge this determination.  Her briefing nowhere addresses the elements of these or any other listed impairments.

Some aspects of the ALJs' step-three consideration of potential mental impairments are relevant to the parties' arguments.  The ALJ considered the four different domains of the "paragraph B criteria" and found that Francis has "moderate limitation" in all four domains: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, and maintaining pace; and (4) adapting or managing oneself.  D.E. 10-1 at 27-28.  In these analyses, the SSA uses a five-point rating scale of increasing limitation "consisting of no limitation, mild limitation, moderate limitation, marked limitation, and extreme limitation."  20 C.F.R. § Pt. 404, Subpt. P, App. 1.[3]  Thus, Francis had moderate (*i.e.*, mid-range

---

[3] The regulations define these five levels of limitations as follows:

> a. No limitation (or none). You are able to function in this area independently, appropriately, effectively, and on a sustained basis.

> b.  Mild limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.

> c. Moderate limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.

3

or "fair") limitations in all four mental-impairment domains.[4]  *See id.*, Listing 12, describing "Mental Disorders."

If, as here, a claimant is found non-disabled at step three, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  The ALJ found Francis had the RFC:

> to perform medium work as defined in 20 CFR 416.967(c) except occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; stand/walk 30 minutes at a time, four hours total in an eight-hour workday; can understand, remember, and carry out detailed instructions and tasks, meaning three to four steps; can tolerate occasional changes in the work setting; and occasional interaction with the public.

D.E. 10-1 at 28.  It should be noted that the ALJ here adopted a more restrictive RFC than the ALJ in 2019.[5]  The ALJ here considered evidence gathered since the 2019 ruling.

Francis objects to the ALJ's RFC finding.  Concerning mental limitations, she argues the ALJ erred in either not including additional work limitations based on previously noted mental impairments or in failing to adequately explain why such limitations were not included in the

---

> d.  Marked limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
>
> e.  Extreme limitation. You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00F.

[4] This contrasts the 2019 ALJ decision, which found Francis had mild limitations in managing herself and in understanding, remembering, or applying information, and moderate limitations in interacting with others and in concentrating, persisting, or maintaining pace.  D.E. 10-1 at 66.

[5] The ALJ in 2019 found that Francis

> has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c).  She can occasionally climb ladders, ropes, and scaffolds.  She can frequently climb ramps and stairs.  The claimant can understand, remember, and carry out detailed and simple instructions.  She can have occasional changes in the work setting. She can occasionally interact with the public.

D.E. 10-1 at 67.

RFC. She also argues the ALJ erred in rejecting her own testimony concerning the limiting effects of her mental-health issues and her fibromyalgia.

At the fourth step, if a claimant's impairments do not prevent him from doing past relevant work (given the ALJ's assessment of her residual functional capacity), he is not disabled. 20 C.F.R. § 404.1520(f). The ALJ found that Francis met this disability standard—she was "unable to perform any past relevant work." D.E. 10-1 at 31.

At the fifth step, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from doing other work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g). The ALJ found Francis was not disabled at this step. D.E. 10-1 at 32-33. The ALJ explained that she asked the VE at the hearing "whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." *Id*. at 32. The ALJ accepted the VE's testimony that Francis could find work as, for example, a price marker, routing clerk, or inspector. *Id*. Because sufficient work existed in the national economy that Francis could perform, the ALJ found her "not disabled" as defined by the regulations. *Id*. at 33.

Accordingly, on August 5, 2021, the ALJ issued an unfavorable decision, finding that Francis was not disabled. D.E. 10-1 at 33. The Appeals Council declined to review the ALJ's decision on August 30, 2022. *Id*. at 1.

## II. Framework for Judicial Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to

determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Mullen*, 800 F.2d at 545 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mullen*, 800 F.2d at 545; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Under the current rules, all medical opinions are weighed in light of several factors: supportability, consistency, relationship with the claimant, specialization, and any other relevant factors. 20 C.F.R. § 416.920c(c). Supportability and consistency "are the most important factors" in weighing medical opinions. *Id*. § 416.920c(b)(2).

Disability determinations often hinge on the claimant's credibility. The ALJ must consider statements or reports from the claimant. 20 C.F.R. § 404.1529(a). To determine whether statements of a claimant are credible, the following two-part test is used:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)).[6] It is within the province of the ALJ, rather than the reviewing court, to evaluate the claimant's credibility. *Rogers*, 486 F.3d at 247 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 644 (6th Cir. 1990); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981)). Even so, the credibility determinations of the ALJ must be reasonable and supported by substantial evidence. *Rogers*, 486 F.3d at 249.

Finally, issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Kerns*, 9 F.4th 342, 351 (6th Cir. 2021); *Strickland v. City of Detroit*, 995 F.3d 495, 511 (6th Cir. 2021).

### III. Mental-Health Limitations

Francis argues remand is warranted on the basis that

---

[6] In 20 C.F.R. § 404.1529, the Social Security Administration informs claimants that, in certain credibility determinations, the following factors should guide the analysis of the agency decision makers:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994).

> [t]he RFC is not supported by substantial evidence because the ALJ failed to explain her omission of limitations in concentration, persistence or pace in the RFC or in the dispositive hypothetical question, despite finding moderate limitations in this area at the Step 2 of the sequential evaluation process.

D.E. 14 at 1, 8. As Francis notes, the ALJ found "moderate" limitation in all four domains of the "Paragraph B" mental-health criteria. D.E. 10-1 at 27-28. Under the regulations, to say that Francis has "moderate" limitations means that her mental capabilities in each domain are "fair," which falls in between "slightly limited" and "seriously limited." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00F2.[7]

The 2021 RFC found that Francis "can understand, remember, and carry out detailed instructions and tasks, meaning three to four steps; can tolerate occasional changes in the work setting; and occasional interaction with the public" *Id*. at 32. To compare, the RFC from 2019 found Francis "can understand, remember, and carry out detailed and simple instructions. She can have occasional changes in the work setting. She can occasionally interact with the public." *Id*. at 67. Except for the inclusion of "three to four steps," the 2021 RFC is essentially identical to the earlier one.

Francis questions how the 2021 ALJ could have found more severe ("moderate") limitations in two more mental-functioning domains, yet not adjusted the RFC to make it more restrictive. It is true that an ALJ "is required to consider the effects of both severe and non-severe impairments in determining the RFC." *Kohne v. Kijakazi*, No. 2:23-CV-37-DCR, 2023 WL 5220853, at *4 (E.D. Ky. Aug. 14, 2023). Francis, pointing to *Ealy*, also argues that any

---

[7] In the relevant mental-health listings (12.04 for "Depressive, bipolar and related disorders" and 12.06 for "Anxiety and obsessive-compulsive disorders"), Paragraph A describes the medical criteria, and paragraph B describes "the functional criteria we assess, in conjunction with a rating scale (see 12.00E and 12.00F), to evaluate how your mental disorder limits your functioning." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, listing 12.00 (Mental Disorders). Francis does not argue her mental limitations should have been evaluated under listings other than the ones the ALJs used, 12.04 and 12.06.

error in the RFC would also have trickled down into the VE's analysis. D.E. 14 at 9-10 (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010)).

Francis relies heavily on Judge Wier's 2021 *Richardson* decision. D.E. 14 at 10-11; D.E. 17 at 1, 3. The ALJ in *Richardson* included no mental-health limitations in the RFC. Applying this RFC, the ALJ found the claimant could perform past relevant work and was accordingly not disabled. *Richardson* contains the following analysis:

> Despite concluding that there were "no more than mild" mental limitations in Step 2, explicitly incorporating that finding into the RFC discussion, and giving great weight to an opinion that concluded there were "mild to moderate" mental limitations, the ALJ's decision did not explain why the judge omitted all mental limitations from the RFC formulation. By not including a discussion of why the RFC excluded Richardson's mental impairments, the ALJ did not provide "a more detailed" analysis of these mental impairments, at Step 4, as SSR 96-8p instructs. *See* SSR 96-8p, 1996 WL 374184 at *4 ("The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C."). Remand is appropriate here where the ALJ followed an incorrect legal standard. *See Kalmbach* [*v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 859 (6th Cir. 2011)]. The ALJ found mild limitations in three of four "paragraph B" categories. R. at 21-22. Dr. Dennis, given great weight, particularly opined that Richardson faced mild to moderate limitations regarding social interaction and adaptation to a normal work environment. R. at 313. Despite these limits, the RFC contains not a whisper about such non-exertional factors; the ALJ instead found Richardson capable of all medium work, with only certain postural modifications. Perhaps the ALJ rationally believed the functional limits had no impact on Richardson's work ability. Certainly, not every mild or moderate limitation signifies a compromised work ability. The Court simply cannot discern this because the ALJ did not in any way address the matter. Meaningful review requires more. *Allen v. Comm'r of Soc. Sec.*, No. 2:17-CV-1154, 2018 WL 6060446, at *4 (S.D. Ohio Nov. 20, 2018), *report and recommendation adopted*, 2018 WL 6681225 (S.D. Ohio Dec. 18, 2018) ("But where, as here, the ALJ assigns great weight to a particular opinion and states that it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so."); *Underwood v. Colvin*, No. 2:11-CV-354-JD-PRC, 2013 WL 2420874, at *2 (N.D. Ind. May 30, 2013) ("The mental limitation finding in this case was made at step two, and then it simply vanished from the remainder of the decision. This court cannot evaluate why that occurred or whether it was proper when the ALJ provides no 'bridge' from the finding to its later exclusion.").

9

*Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021).

The situation with Francis is different in several respects. Relevant to this matter, the 2021 ALJ was required under binding case law to begin with the prior ALJ's RFC but then give a "fresh look" at areas where new evidence had emerged. *See Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018) (discussing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997)). "*Earley* establishes that ALJs must give a 'fresh look' at new applications covering new periods." *Goins v. Saul*, No. 5:19-CV-117-DLB, 2020 WL 1290784, at *5 (E.D. Ky. Mar. 18, 2020) (quoting *Neal v. Comm'r of Soc. Sec.*, No. 18-10709, 2019 WL 2208555, at *10 (E.D. Mich. Jan. 31, 2019)). When a subsequent application covers a different disability period, the subsequent ALJ should "consider[] the prior ALJ's findings regarding the earlier record when reviewing a petitioner's successive application [and] should make determinations based on a 'fresh look' at the 'new evidence . . . while being mindful of past rulings and the record in prior proceedings.'" *Snow v. Saul*, No. 5:20-CV-388-EBA, 2022 WL 813603, at *3 (E.D. Ky. Mar. 16, 2022) (quoting *Earley*, 893 F.3d at 931). "A fresh look requires the ALJ to consider the new evidence and make his or her own determinations about a claimant's limitations." *Id*. "*Earley* establishes that regardless of her chances of success, an applicant should have the opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing." *Warren v. Saul*, No. 6:18-CV-225-HRW, 2019 WL 3253964, at *3 (E.D. Ky. July 19, 2019).

The ALJ found one area where new evidence warranted a change to the 2019 RFC, and that is Francis's diagnosis and treatment of neuropathy. D.E. 10-1 at 31. The ALJ accordingly included more restrictive physical limitations in the 2021 RFC. *Compare* D.E. 10-1 at 67 to *id*. at 28.

10

Concerning Francis's mental limitations, the 2021 ALJ at Step 2 found "moderate" limitations in all four domains (compared to the 2019 finding of moderate limitations in two domains and mild limitations in the other two). But, as noted in *Richardson*, findings made at earlier steps do not automatically carry over into the RFC. *Richardson*, 511 F. Supp. 3d at 798. In drafting the RFC, the ALJ is required to consider a claimant's non-severe mental health limitations but is not required to inevitably incorporate them in the RFC. *Karen Marie M. v. Kijakazi*, No. 2:20-CV-416-DCN-REP, 2021 WL 6010422, at *6 (D. Idaho Nov. 19, 2021), *report and recommendation adopted*, 2021 WL 5999132 (D. Idaho Dec. 20, 2021) (citing *Taylor v. Berryhill*, No. 17-CV-11444, 2018 WL 3887521, at *6 (E.D. Mich. July 5, 2018), *report and recommendation adopted*, 2018 WL 3870066 (E.D. Mich. Aug. 15, 2018)). "Severe or non-severe, an ALJ need only include limitations arising from an impairment where the impairment affects a claimant's capacity to work." *Caudill v. Comm'r of Soc. Sec.*, No. 2:16-CV-818, 2017 WL 3587217, at *6 (S.D. Ohio Aug. 21, 2017), *report and recommendation adopted*, 2017 WL 4222983 (S.D. Ohio Sept. 21, 2017)).

Francis has not pointed to a case wherein a court found that a finding of moderate limitations in all four Paragraph B domains necessarily translates into RFC limitations.

In crafting Francis's RFC, the 2021 ALJ looked to the "persuasive" findings of the state agency psychologists:

> Drs. Tonya Gonzalez and Christi Bruening, state agency psychologists, adopted the prior Administrative Law Judge's mental residual functional capacity because no new and material evidence warrants a change in the claimant's functioning abilities (Exhibits B4A and B6A). The undersigned finds these opinions persuasive because they are consistent with the conservative treatment history noting improvement following use of medications and supported by the objective findings that show normal to mild mental exams (Exhibits B1F).

11

D.E. 10-1 at 31. The ALJ also discussed Francis's testimony concerning her mental impairments:

> As for her mental impairments, the claimant testified she has poor concentration and is not able to complete projects. Yet, the treating physician noted no problems with concentration or pace (Exhibits B1F-B5F). The claimant's friend, Vicki Mullins, reported in a questionnaire that the claimant does not need reminders for personal care or medications (Exhibit B8E). The claimant is treated with medication[s] that reportedly reduce her symptoms (Id.). There is no evidence of hospitalizations for episodes of increased mental symptoms.

*Id.* at 30.

Thus, unlike *Richardson*, here the 2021 RFC does contain a (slight) mental-limitations restriction. It is the same restriction (with the addition of the reference to three-to-four-step tasks) contained in the 2019 RFC, which, under *Drummond*, the 2021 ALJ could only augment if later evidence demanded a different result. In the 2021 RFC discussion, the ALJ clearly addressed Francis's mental-functioning domains, but found (consistent with the state agency psychologists) that the 2019 RFC was adequate to capture Francis's moderate limitations that improved with medication. This is not a case where the Court "simply cannot discern [why the RFC omits mental limitations] because the ALJ did not in any way address the matter." *Richardson*, 511 F. Supp. 3d at 799. Nor is this a case where the ALJ made "no mention of the claimant's mental impairment in the RFC analysis." *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-CV-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017), *report and recommendation adopted*, 2017 WL 3531438 (E.D. Mich. Aug. 17, 2017). Francis's 2021 ALJ did discuss mental limitations in the RFC analysis and provided reasons for hewing to the 2019 RFC. The RFC does include limitations in the complexity of tasks, changes in the work setting, and interaction with the public.

On this record, the 2021 ALJ's decision to include no new mental limitations in Francis's RFC was not unsupported by substantial evidence. Specifically, the ALJ's mental RFC was consistent with that of the two agency psychologists who reviewed Francis's updated medical records. The ALJ explicitly adopted their findings. The record contains no opinion from a mental-health practitioner that contradicts the state agency psychologists' opinion. This is not a record that warrants remand on this issue.

As noted, Francis also argues that the ALJ's improper RFC corrupted the VE's testimony, which led to the ultimate finding of Francis being not disabled. Because the RFC was not unsupported by substantial evidence, there is likewise no reversible error in the questions the ALJ posed to the VE.

### IV. Physical Limitations

Francis argues the ALJ "violated 20 C.F.R. § 416.929 by rejecting Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, without properly evaluating Plaintiff's testimony in relation to the medical and other evidence in this record." D.E. 14 at 1, 12. The cited regulation explains how the ALJ is supposed to evaluate the intensity and persistence of a claimant's symptoms, including pain. Francis argues she actually "cannot work because her fibromyalgia is so severe." *Id*. at 13. The 2021 ALJ found:

> the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the evidence of record shows conservative treatment and mild objective findings (Exhibits B1F-B5F). The claimant testified she has severe pain that prevents her from performing work. However, the medical evidence shows mild objective findings of multiple tender points and normal ambulation (Id.). As well, the claimant is treated with medications and has no complications resulting in increased or changed medications or hospitalizations (Id.). The claimant is able to live alone

> and perform activities of daily living such as care for her personal needs, prepare simple meals, light household chores, and shop monthly (Exhibit B9E).

D.E. 10-1 at 30.

Earlier, the ALJ considered Francis's fibromyalgia and arthritis in light of listing 14.09D and found her immune disorders caused "moderate" limitation in her activities of daily living, maintaining social functioning, and completing tasks. D.E. 10-1 at 27. The ALJ explained,

> While the claimant has moderate limitation in these areas based on her treatment history and reports of difficulty in each area, the abilities to perform daily activities, socialize with family, shop in a store, and normal findings of concentration and memory on examination do not support a finding of marked limitation in any area of functioning (Exhibits B8E, B1F and B3F).

*Id*.

Francis argues that the ALJ's analysis here points to "no genuine inconsistencies between Plaintiff's allegations and the medical evidence." D.E. 14 at 12. She says Dr. Freeman's 2021 treatment notes document "moderate fatigue, intermittent headaches, neck pain, cervical stiffness, pain in multiple joints, burning, hyperesthesia, and tingling," and that these conditions "could reasonably cause the alleged symptoms which Plaintiff describes." *Id*. at 13 (citing D.E. 10-1 at 548-49). Francis argues the ALJ's failure to adequately explain her rejection of Francis's testimony constitutes a legal error, not a substantial-evidence issue. *Id*. at 14-15.

The ALJ neither committed a legal error nor issued an opinion unsupported by substantial evidence when considering the limiting effects of Francis's fibromyalgia. At Step 3, the ALJ explained, with citations to the record, why Francis's fibromyalgia-based *limitations* were moderate, and not marked or severe (even though fibromyalgia was among Francis's "severe impairments"). D.E. 10-1 at 27. In the RFC discussion, the ALJ then explained that the "conservative treatment and mild objective findings" in Francis's recent medical records were

Case: 7:22-cv-00104-HAI Doc #: 23 Filed: 12/05/23 Page: 15 of 15 - Page ID#: 727

inconsistent with her depiction of her limitations. *Id*. at 29-31. The ALJ's determination here does not run afoul of the substantial-evidence standard.

Francis argues in her reply brief that "none of the ALJ's reasons [for discounting Francis's testimony] demonstrate inconsistencies with a limitation to sedentary work, which would direct a favorable outcome in this case." D.E. 17 at 4. First, this assertion belies Francis's earlier argument that the ALJ did not provide reasons (*i.e.*, inconsistencies with the medical records) for rejecting her testimony. Second, this assertion moves the target. The question is not whether Francis's limitations, as documented, are inconsistent with a limitation to sedentary work. The question before this Court is whether the ALJ's RFC (medium work plus restrictions) is supported by substantial evidence. Because the RFC was not outside a reasonable zone of choice based on the evidence, it is not subject to overruling by this Court.

## V. CONCLUSION

The Court being sufficiently advised, **IT IS HEREBY ORDERED THAT** the ALJ's decision is **AFFIRMED**. Plaintiff's request to remand (D.E. 14) is **DENIED**. **JUDGMENT** will be entered in favor of the Commissioner by separate contemporaneous order.

This the 5th day of December, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge